# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2011

No. 10-10269
Summary Calendar

Lyle W. Cayce
Clerk

JILL WALLS,

Petitioner - Appellant

v.

W. ELAINE CHAPMAN, Warden,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CV-752

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jill Walls, federal prisoner # 12779-026, appeals the district court's denial of her 28 U.S.C. § 2241 petition for habeas corpus relief challenging her prison disciplinary conviction on due process grounds. We review for clear error the district court's factual findings and review *de novo* the district court's legal conclusions. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

The respondent does not challenge the district court's conclusion that Walls had a statutorily-created liberty interest in her 41 days of disallowed good

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conduct time credits. "When a prisoner has a liberty interest in good time credit, revocation of such credit must comply with minimal procedural requirements." *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). The prisoner must be given (1) written notice of the charges at least 24 hours prior to the proceedings, (2) an opportunity to call witnesses and present evidence in her defense when permitting her to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). To be entitled to habeas relief based on a due process violation, the petitioner must show that she was prejudiced by the violation. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

Walls argues that she was denied due process during the disciplinary proceeding by the prison's failure to follow its policies or regulations regarding the 24-hour time-period after the incident to provide her with a copy of the incident report, her request for a staff representative, retesting of the substance that had field tested positive for barbiturates, and its misapplication of policies applicable to inmates in special housing units. Any failure by prison officials to comply with their own regulations, however, "does not establish a violation of due process, because constitutional minima may nevertheless have been met." *Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989) (quotation marks and citation omitted).

The only due process requirement Walls arguably was denied was her opportunity to present evidence at the disciplinary hearing. The district court concluded that "[e]ven if Walls was denied the opportunity at her prison disciplinary proceeding to present documentary evidence in her defense, she ha[d] failed to demonstrate any resulting prejudice." Our review of the record supports this conclusion.

No. 10-10269

We have liberally construed Walls' brief as arguing that the evidence presented at the disciplinary hearing was insufficient to support the finding of guilt. "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985). We are not required to examine the entire record, to assess independently the credibility of witnesses, or to weigh the evidence. *Id.* at 455. "[P]rison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). It cannot be said in Walls' case that "there is no evidence whatsoever to support the decision of the prison officials" that would require overturning the disciplinary proceeding. *See id.*

Walls argues that the district court erred in denying her a transcript of the telephonic hearing which was conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). In documents self-dated the same day the district court's judgment was entered, Walls moved for leave to proceed IFP on appeal, requested a free copy of the transcript of the *Spears* hearing to use, if necessary, to reply to the respondent's response, and moved for an extension of time to reply to the respondent's response. The district court denied these motions as moot because it had already denied Walls' Section 2241 petition. Because Walls was not proceeding IFP when she requested the transcripts, she was not entitled to transcripts at government expense. *See* 28 U.S.C. § 753(f).

AFFIRMED.