**Joseph PERRY, Plaintiff,**

v.

**Steven J. DAVIES, et al., Defendants.**

No. 90–3423–S.

United States District Court,
D. Kansas.

Feb. 26, 1991.

Joseph Perry, Lansing, Kan., pro se.

ORDER

SAFFELS, District Judge.

■ This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate at Lansing Correctional Facility, Lansing, Kansas, alleges the defendants violated his constitutional right to religious freedom. Specifically, plaintiff complains he should not have had to shave off his facial hair for identification photographs when he entered the prison system. Additionally, plaintiff complains the disciplinary action which resulted also violated his constitutional right to exercise his religious beliefs. The court dismissed Steven Davies as a defendant and issued summons on the remaining defendants. The defendants filed an answer and *Martinez* report. The defendants also requested dismissal of the complaint, based in part on plaintiff's failure to state a claim for which relief can be granted. Plaintiff has not filed a response. Having reviewed the pleadings and materials filed in this case, the court makes the following findings and order.

Prison regulations require identification photographs of all entering inmates, and that the photographs not include facial hair. *See* K.A.R. § 44–5–102(b). Even assuming plaintiff accurately states that his religion requires him to have facial hair, and that he is an active practitioner in this religion, the court finds the restriction of plaintiff's constitutional right is permissible.

Given the unique problems involved in prison administration, and the deference given by federal courts to a state penal system, it is recognized that a lesser standard of scrutiny must be used to determine the constitutionality of prison rules. *Turner v. Safley*, 482 U.S. 78, 84–85, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id.* at 89, 107 S.Ct. at 2261. In the present case, the court finds

the prison regulation is rationally related to a legitimate security interest in having clean shaven identification photographs, and that the intrusion was minimal, as plaintiff would be allowed to regrow the facial hair once the photographs were obtained.

The present regulation, directed only at identification photographs, can be distinguished easily from the no-beard regulation struck down in the pre-*Turner* case of *Wright v. Raines,* 457 F.Supp. 1082 (D.Kan.1978), which prohibited prisoners from wearing beards at any time. For comparison, see the post-*Turner* case, *Friedman v. State of Ariz.,* 912 F.2d 328 (9th Cir.1990) *cert. denied,* — U.S. —, 111 S.Ct. 996, 112 L.Ed.2d 1079 (1991) (regulation prohibiting facial hair did not unconstitutionally restrict exercise of religion).

■ Plaintiff's initial refusal to shave for the identification photographs resulted in disciplinary action being taken against plaintiff for refusing a direct order. Plaintiff's attempt to include this disciplinary action into his first amendment challenge is defeated by the court's finding that the prison regulation was valid and did not violate plaintiff's constitutional rights. To the extent plaintiff complains he was denied due process in the disciplinary action, the court finds no basis for the complaint because plaintiff entered a guilty plea to the charged disciplinary offense. Plaintiff's bare allegation, that requiring the use of a form 9 in the prison grievance procedure violates his constitutional right to freedom of religion, is conclusory and without merit, and is not supported in any way by fact or argument.

IT IS THEREFORE ORDERED that the complaint be dismissed and all relief denied.