United States Court of Appeals,

Fifth Circuit.

No. 93-4172.

Joe REEVES, Plaintiff-Appellant,

v.

N.A. PETTCOX, Hearing Officer, Coffield Unit, et al., Defendants-Appellees.

April 29, 1994.

Appeal from the United States District Court for the Eastern District of Texas.

Before ALDISERT[*], REYNALDO G. GARZA and DUHÉ, Circuit Judges.

PER CURIAM:

The plaintiff Joe Reeves is an inmate presently confined in the Texas Department of Criminal Justice, Institutional Division. While in solitary confinement, Reeves was disciplined for placing his food tray in the "run" outside of his cell. As a result, he received a disciplinary case for violating a rule requiring all food trays and utilities to remain inside the inmate's cell until they are picked up. Although this action by Reeves was in fact a violation of prison policy, Reeves had not been on notice that this action was proscribed. During a hearing before prison officials, Reeves entered a guilty plea. Reeves filed a lawsuit *pro se* and *in forma pauperis* complaining of a violation of his Constitutional right to due process. During an evidentiary hearing conducted pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir.1985), the magistrate judge ruled that Reeves' guilty plea waived all nonjurisdictional claims that Reeves may have had, including Reeves' claim that he cannot be punished for conduct of which he has no notice. We disagree.

The Fifth Circuit has expressly held that it is a violation of due process to punish inmates for acts which they could not have known were prohibited. *Adams v. Gunnell,* 729 F.2d 362, 369-70 (5th Cir.1984). An inmate is entitled to prior notice, or "fair warning," of proscribed conduct before a severe sanction may be imposed. *Id.* "[B]ecause we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable

---

[*]Circuit Judge of the Third Circuit, sitting by designation.

opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

In this case, the preponderance of credible evidence indicates that Reeves could not have known that the conduct was prohibited before he was charged with the disciplinary offense. Three witnesses testified that inmates coming into solitary are not given copies of the rules, and that there is no chance to read any of the IOC's (inter-office communications) posted on the solitary confinement bulletin board. The defendants offered no witnesses with personal knowledge that IOC's are actually handed out to inmates in solitary and no evidence that inmates are given a meaningful opportunity to read the bulletin board.

We have stated that the federal courts cannot retry every prison disciplinary dispute; rather, the court may act only where arbitrary or capricious action is shown. *Smith v. Rabelais,* 659 F.2d 539, 545 (5th Cir.1981), *cert. denied,* 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982). This means that prison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of the prison officials. *Id.* A de novo factual review is not required. *Id.* However, this issue is purely legal, and will be reviewed de novo.

Although Reeves candidly admits that he pleaded guilty to the charge of violating a posted rule, an examination of the evidence demonstrates that he apparently could not have known that putting his tray on the run was prohibited before he received the disciplinary case. That plea in no way waives his right to present his defense of lack of notice. In light of this finding, the decision reached by the prison board is both arbitrary and capricious.

Reeves' admission that he pleaded guilty at the disciplinary hearing cannot constitute a waiver of his due process claim. *Contra Perry v. Davies,* 757 F.Supp. 1223 (D.Kan.1991) (inmate who pleads guilty in disciplinary hearing cannot claim due process violation). *But see Smith v. Estelle,* 711 F.2d 677 (5th Cir.1982) (guilty plea in criminal case waives right to challenge all nonjurisdictional defects except those directly related to the plea). In a criminal proceeding, a defendant is represented by counsel, and the district court explains the charges against the defendant, the penalties he is subject to, and the rights he is waiving by pleading guilty. *See* Fed.R.Crim.P. 11. An inmate pleading guilty

in a prison disciplinary hearing is not protected by the same procedural safeguards.[1]  We therefore

do not give the same preclusive and binding effect to a guilty plea in a disciplinary hearing.

Reeves' does not waive the notice defect.  He was entitled to a fair warning, or fair

opportunity to know, that his conduct was prohibited before being punished for that conduct, and the

facts show that he did not have that opportunity.  We accordingly reverse the lower court's decision.

Consequently, Reeves' request for appointment of counsel is denied.  *See Branch v. Cole,* 686

F.2d 264, 266 (5th Cir.1982) (no general right to counsel in civil rights cases).

REVERSED AND RENDERED.

---

[1]The record reflects that Reeves was represented by counsel-substitute during his disciplinary hearing.  However, counsel-substitute may include a competent fellow inmate, a correctional staff member, or a law student.  *See Wolff v. McDonnell,* 418 U.S. 539, 592, 94 S.Ct. 2963, 2992, 41 L.Ed.2d 935 (1974) (Marshall, J., concurring and dissenting).  We take little comfort that persons of such limited legal instruction will ensure and enforce the due process required for prison disciplinary proceedings.  *See Hewitt v. Helms,* 459 U.S. 460, 476, 103 S.Ct. 864, 874, 74 L.Ed.2d 675 (1983) (stating that an informal, nonadversary, evidentiary review is sufficient for an inmate representing a security threat and who may be confined to administrative segregation when the inmate (1) receives some notice of the charges against him, and (2) has an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation);  *Wolff,* 418 U.S. at 563-67, 94 S.Ct. at 2978-80 (holding that in a prison disciplinary proceeding where an inmate is to be punished with administrative segregation and loss of good time, an inmate is entitled to (1) advance written notice at least 24 hours in advance of the charges against him;  (2) written statement of the factfinders as to evidence relied upon and reasons for the disciplinary action taken;  and (3) an opportunity to call witnesses and present documentary evidence so long as doing so does not constitute a security risk).