IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 01-40451
Summary Calendar

———————————

BERNEL CLEMENTS, JR.,

Petitioner-Appellant,

versus

JOHNATHON DOBRE,

Respondent-Appellee.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-478

———————————————————————
September 17, 2001

Before POLITZ, JONES, and PARKER, Circuit Judges.

PER CURIAM:*

Bernel Clements, Jr., federal inmate #24606-034, appeals the district court's

dismissal of his 28 U.S.C. § 2241 petition. He contends that his right to due process

was violated during prison disciplinary proceedings because the prison officials did

not produce and review a videotape of the events that occurred at the prison during

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the pertinent time. He also contends that he is actually innocent of the charge of participating in a riot.

"[P]rison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of the prison officials."[1] Clements was not charged with participating in a riot but, rather, he was charged with refusing to obey an order to return to his unit. The charge of which he was found guilty was refusing an order in furtherance of a riot. The record before us adequately supports the finding of guilty as to this charge.

Clements has not shown that he requested production of the videotape during the disciplinary proceedings. He candidly concedes that the videotape would not have established whether he heard the announced order to return to his unit. On balance, the record demonstrates that Clements was afforded the requisite due process during the prison disciplinary proceedings.[2] Accordingly, the judgment of the district court is AFFIRMED.

---

[1] Reeves v. Pettcox, 19 F.3d 1060, 1062 (5th Cir. 1994).

[2] Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974).