United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-30352
Conference Calendar

MARIO PENA,

Petitioner-Appellant,

versus

UNITED STATES BUREAU OF PRISONS,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-40
---------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Mario Pena, federal prisoner # 75006-079, was convicted in a disciplinary hearing of possessing marijuana. He now appeals the dismissal with prejudice of his petition under 28 U.S.C. § 2241, challenging his loss of 54 days' good time credits.

Pena first argues that his due process rights were violated at his disciplinary hearing. Pena received written notice of the charges against him, he was given the opportunity to call witnesses and to make a statement on his own behalf, and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

disciplinary hearing officer provided the required written statement.  There was no due process violation.  See Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974).

Pena next argues that the evidence adduced at his disciplinary hearing was insufficient.  The record reveals evidence supporting the conclusions reached by the disciplinary hearing officer.  Therefore, the conclusions reached were not arbitrary and capricious.  See Superintendent, Massachusetts Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455-56 (1985); see also Reeves v. Pettcox, 19 F.3d 1060, 1062 (5th Cir. 1994).

Last, Pena argues that a conflict of interest exists because the respondent's counsel and Pena's prosecutor work in the same office.  Because this issue is raised for the first time on appeal, we decline to address it.  See Blanks v. Murco Drilling Corp., 766 F.2d 891, 897 (5th Cir. 1985).  Accordingly, the judgment of the district court is AFFIRMED.