United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10877
Summary Calendar
_____

JAMES OLIVER LOVETT,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:02-CV-212
---------------------

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

James Oliver Lovett, Texas prisoner # 671501, appeals the
district court's dismissal of his 28 U.S.C. § 2254 petition for
writ of habeas corpus in which he argued that his due process
rights were violated in connection with a prison disciplinary
proceeding. Lovett was found guilty of soliciting assistance
from a medical staff member to violate prison rules by requesting

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

non-prescription cold medication from the pill window and lost 90 days of accrued good-time credits.

Lovett challenges the district court's determination that he failed to state a cognizable ground for habeas relief. Specifically, Lovett argues that he was denied due process when he lost accrued good-time credits as punishment for conduct which he did not know was proscribed. Further, where a liberty interest is at stake, Lovett argues that sufficiency review is proper.

The district court correctly determined that Lovett had a constitutionally protected liberty interest in the loss of his accrued good-time credits. See Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000). However, the district court erred when it determined that Lovett failed to state a cognizable ground for habeas relief. Lovett has consistently maintained that his due process rights were violated when he was punished for violating a rule of which he had no notice. This court has held that it is a due process violation to punish a prisoner for behavior that he could not have known was prohibited. Reeves v. Pettcox, 19 F.3d 1060, 1061 (5th Cir. 1994); see also Adams v. Gunnell, 729 F.2d 362, 369-70 (1984) (imposition of severe punishment for conduct the prisoner could not have known was against prison rules violates basic due process). Further, although judicial review of a prison disciplinary proceeding is extremely limited, due process requires that the findings be supported by some evidence

in the record.  <u>See</u> <u>Superintendent, Massachusetts Correctional</u>
<u>Inst. v. Hill</u>, 472 U.S. 445, 454 (1985).

Therefore, the district court's judgment is VACATED and the case is REMANDED to the district court for further proceedings consistent with this opinion.

VACATED AND REMANDED.