United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 18, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-11127
Summary Calendar

SAMUEL KUTTAB,

Petitioner-
Appellant,

versus

COLE JETER, Warden,
Federal Medical Center Fort Worth,

Respondent-
Appellee.

--------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CV-286-A
--------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:*

        Samuel Kuttab, federal prisoner # 56054-066, appeals the district court's denial of his 28

U.S.C. § 2241 petition challenging two prison disciplinary proceedings.  Kuttab argues that the

disciplinary hearing officer (DHO) did not consider the evidence he introduced showing that THC,

the active ingredient in marijuana, can remain in the human body for over 30 days.  The record

_____

        *

  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indicates that the DHO was aware of the contents of the scientific evidence presented by Kuttab, but the DHO preferred to follow the Bureau of Prisons (BOP) guideline, which provides that THC remains in the human body for only 30 days.

Kuttab argues that the DHO did not consider the scientific evidence he presented showing that the other medications he was taking can result in a false positive drug test. The record indicates that the DHO was aware of and considered the evidence presented by Kuttab before issuing his decision, but that the DHO determined that the greater weight of the evidence indicated that Kuttab had used marijuana while incarcerated.

Kuttab argues that he is actually innocent of using marijuana while incarcerated because he was in administrative segregation, he was searched continuously, and the prison officers did not find any marijuana. The disciplinary officer based his decisions on two urinalysis tests showing the presence of THC, as well as Kuttab's medical record showing he was not taking any medication that could result in a false positive drug test result. The district court did not err in determining that the disciplinary decisions were supported by "some evidence" and should be upheld. See Reeves v. Pettcox, 19 F.3d 1060, 1062 (5th Cir. 1994).

Kuttab argues that he should have been allowed to take a polygraph examination to show that he is actually innocent. No federal constitutional right is violated in a criminal trial by the automatic exclusion of polygraph evidence based on a state rule prohibiting such evidence. See Castillo v. Johnson, 141 F.3d 218, 222 (5th Cir. 1998); see also United States v. Scheffer, 523 U.S. 303, 308-15 (1998). Further, the BOP's denial of polygraph examination was justified by its interest in "avoiding burdensome administrative requirements" and in "act[ing] swiftly on the basis of evidence that might

be insufficient in less exigent circumstances." Henson v. United States Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000).

Kuttab argues that he should have been allowed to take a more sophisticated independent drug test to prove that the prison drug test results were caused by the Ibuprofen or Naproxen medication he was taking at the time of the tests. Inmates are not entitled to independent drug testing because such retesting would create overly "burdensome administrative requirements." See id.

Because the disciplinary decisions were supported by some evidence, Kuttab has not shown that the disciplinary decisions were arbitrary or capricious. See Broussard, 253 F.3d at 876-77. Accordingly, the district court's judgment is AFFIRMED.