United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 31, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-40549
Summary Calendar

———————————

GEORGE ESCAMILLA,

Petitioner-Appellant,

versus

ERNEST CHANDLER, Warden,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-302
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

George Escamilla, federal prisoner # 54920-146, appeals the

district court's denial of his 28 U.S.C. § 2241 petition

challenging a prison disciplinary proceeding in which he was

found guilty of the introduction of narcotics into Three Rivers

Federal Correctional Institution (FCI). He argues that the

district court erred in determining that the evidence was

sufficient to support the decision of the disciplinary hearing

officer (DHO).

—————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Escamilla has not shown that the district court erred in determining that there was "some evidence" in the record to support the DHO's disciplinary decision as the DHO's decision was based on the charging officer's statement, the contents of 33 taped telephone conversations, the SIS report of Lieutenant Robert Swain, and the statements of confidential informants. See Reeves v. Pettcox, 19 F.3d 1060, 1062 (5th Cir. 1994).

For the first time on appeal, Escamilla argues that his due process rights were violated because he did not appear before the Unit Disciplinary Committee within 72 hours of receiving notice of the charges against him as required by "Program Statement § 5270.07." Escamilla may not raise this claim for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999) (this court will not consider a new theory of relief raised for the first time on appeal).

AFFIRMED.