# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-51338
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 27, 2007

Charles R. Fulbruge III
Clerk

JOE A. GONZALES

Plaintiff-Appellant

v.

R W PACE; W R MATTHEWS; JAMES L PACE

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CV-341

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joe A. Gonzales, Texas prisoner # 1102334, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court denied Gonzales's motion to appeal IFP and certified that the appeal was not taken in good faith. By moving for IFP, Gonzales is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Gonzales had a property interest in the funds deposited in his inmate trust account and was entitled to due process concerning the disciplinary measures

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed to deprive him of the funds. See Abdullah v. State, 211 S.W.3d 938, 943 (Tex. App. 2007). The due process rights of prisoners are not absolute, however, because the legitimate security needs of a corrections institution must be accommodated. See Bell v. Wolfish, 441 U.S. 520, 554 (1979). Accordingly, the courts should defer to prison administrators' adoption and implementation of policies needed to ensure order and security. See Pell v. Procunier, 417 U.S. 817, 827 (1974). This court has not addressed whether due process dictates that prison officials give an inmate individual notice of all possible collateral consequences of a prison rule infraction when giving notice of or sentencing for the charged offense, compare Wiideman v. Baumann, No. 87-1995, 1990 WL 246, at *1 (9th Cir. Jan. 2, 1990), or whether due process notice is satisfied by listing the possible penalties in a prisoner orientation handbook that is available in the library but not distributed individually to the inmates, see Reeves v. Pettcox, 19 F.3d 1060, 1061 (5th Cir. 1994).

However, even if we were to find that due process required specific notice of the full range of penalties Gonzales faced or an individual copy of the Handbook or Safe Prison Program, the defendants are nevertheless entitled to qualified immunity because these notice obligations were not clearly established when the defendants failed to take such action. See Mace v. City of Palestine, 333 F.3d 621, 623 (5th Cir. 2003). Because the defendants are entitled to qualified immunity, Gonzales has not shown that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). The motion for leave to proceed IFP on appeal is denied, and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5th Cir. R. 42.2.

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS