# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 28, 2011

Lyle W. Cayce
Clerk

No. 10-10542
Summary Calendar

PETER J. MCMAHON,

Petitioner-Appellant,

versus

REBECCA TAMEZ, Warden, FCI-Fort Worth,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:10-CV-130

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Peter McMahon, federal prisoner # 06394-062, appeals the denial of his 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 2241 application challenging a disciplinary determination that he had violated prison regulations by (1) possessing "anything not authorized" (i.e., tobacco) and (2) refusing to obey a staff member's order.  He also moves for sanctions against the state to strike its brief.

McMahon argues that the state should be collaterally or equitably estopped from raising any defenses that were not presented during the administrative remedy process.  That argument lacks any merit.

McMahon asserts that the unit disciplinary committee ("UDC"), which handles moderate offenses, should not have referred his moderate offense to the disciplinary hearing officer ("DHO"), who had the authority to impose more severe punishments, such as the loss of good time credit, than did the UDC.  A prison's violation of its own regulations, however, does not in itself constitute a constitutional violation. *Edwards v. Johnson*, 209 F.3d 772, 779 (5th Cir. 2000).

McMahon contends that his due process rights were violated when he did not receive copies of a prison memorandum or e-mail before or during the disciplinary hearing, nor did he even know of the document's existence until after he read the DHO's report.  Because the record indicates that McMahon was afforded all the due process protections required by *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974), he has not shown that the district court erred in determining that his due process rights were not violated under *Wolff.  See id.*; *Stewart v. Thigpen*, 730 F.2d 1002, 1007 n.3 (5th Cir. 1984).  To the extent that McMahon also posits that he was entitled to receive the memorandum before the disciplinary hearing under *Brady v. Maryland*, 373 U.S. 83 (1963), that issue lacks merit, because he has not shown that the memorandum was favorable to him or that there was a reasonable probability that the result of the proceeding would have been different had the memorandum been disclosed to him beforehand.  *See Lawrence v. Lensing*, 42 F.3d 255, 257 (5th Cir. 1994); *United States v. Bagley*, 473 U.S. 667, 682 (1985).

McMahon maintains that the evidence was not sufficient to find him guil-

ty, because (1) officers did not test the cigarette at issue to determine whether it contained tobacco, rather than tea leaves, so that evidence was unreliable; (2) only a photocopy of the cigarette was presented; (3) there was no physical evidence of loose leaves of tobacco; (4) the DHO's determination that McMahon was an admitted smoker was based on the DHO's past experience with him, rather than any evidence presented at the hearing; (5) the DHO did not make any findings concerning the issue whether McMahon's actions met the prison regulation's requirement that the item possessed not be "issued to [the inmate] through regular channels"; and (6) McMahon's conduct was excused because it was the result of side effects of Elavil, which he had taken shortly before the incident. McMahon has not shown that the district court erred in determining that the DHO's finding of guilt was supported by "some evidence" and was thus not arbitrary or capricious. *See Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

AFFIRMED.  ALL OUTSTANDING MOTIONS DENIED.