**IN THE UNITED STATES COURT OF APPEALS**
    **FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2012

Lyle W. Cayce
Clerk

No. 12-30227
Summary Calendar

EDDIE MILTON GAREY,

                    Petitioner - Appellant

v.

WARDEN SHERROD,

                    Respondent - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-914

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Rehearing is granted, the previous opinion is withdrawn, and the following
is substituted.

Proceeding *pro se* and *in forma pauperis*, Eddie Milton Garey, federal
prisoner # 91876-020, contests the with-prejudice dismissal of his 28 U.S.C.
§ 2241 petition challenging three disciplinary convictions and the resulting loss
of good-time credits.  The district court denied relief pursuant to the magistrate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

judge's report and recommendation and subsequently denied Garey's post-judgment motions.

Garey challenges, on due process grounds, the disciplinary procedures used to find him guilty of:  possession of a weapon or unauthorized item inside the prison (incident report # 1770777); assault/fighting (incident report # 1988963); and fighting (incident report # 2080824).

Because federal prisoners have a liberty interest in their accumulated good-time credits, *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000), the Fifth Amendment's Due Process Clause entitled Garey to: adequate notice of the alleged violation; an opportunity to present evidence; written findings in support of the ruling; and the requirement that upon review, some evidence support the ruling. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 563-65 (1974).  Under the "some evidence" standard, there is no requirement to examine the entire record,  assess independently witness credibility, or weigh the evidence.  *Hill*, 472 U.S. at 455.  "[P]rison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of the prison officials".  *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).  Whether "some evidence" exists in the record to support prison-disciplinary findings is reviewed *de novo*. *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007).

Garey contends officials violated prison rules by notifying him more than 24 hours after discovery of a weapon in his cell, and by holding a hearing more than three days after that discovery.  An inmate charged with committing a prohibited act is entitled to notice and hearing, "ordinarily" within 24 hours and three days, respectively.  28 C.F.R. § 541.15(a) & (b) (2008).

The magistrate judge recommended that these temporal requirements were discretionary.  Moreover, a prison's "failure to follow its own procedural regulations does not establish a violation of due process, because constitutional

minima may nevertheless have been met". *Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989) (internal quotation marks and citation omitted). Garey fails to show the record evidence supports a claim that he did not receive notice or an opportunity to present evidence; nor does the record support that due process was violated by the prison's failure to follow any other procedural regulations. In addition, Garey has not shown prejudice by the lack of notice within 24 hours or by a hearing held more than three days after discovery of his prison-code violation. *E.g., Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) (prejudice flowing from constitutional violation a prerequisite to habeas relief).

Garey challenges the magistrate judge's application of the "some evidence" standard. The disciplinary hearing officer provided written findings in support of the ruling, and the magistrate judge recommended that the weapon found in his cell constituted "some evidence" to support Garey's disciplinary conviction. Garey's assertion that the disciplinary-hearing officer was required to find a nexus between him and the unauthorized item is meritless, as "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board". *Hill*, 472 U.S. at 457.

Garey claims a due process violation for being punished for behavior he could not have known was prohibited or required, but he fails to identify the prohibited or required behavior of which he was unaware. It appears from his § 2241 petition that Garey refers to the alleged requirement that a prisoner search his cell for contraband before occupying it. He does not establish that this is required, however, and a prisoner's possession of a weapon obviously constitutes an "act[] of clear disobedience" of which Garey was aware. *Cf. Adams v. Gunnell*, 729 F.2d 362, 369 (5th Cir. 1984) (prisoners who signed a petition could not have known such act constituted illegal or disobedient conduct).

Regarding the second incident, Garey grabbed a food tray from an officer's hand and threw it at the officer's feet. He was found guilty of fighting/assault and was sanctioned with a 27-day loss of good-time credit.

Garey challenges the magistrate judge's recommendation that he waived his rights to call witnesses, present evidence, and select his counsel during the disciplinary hearing on the assault/fighting charge.  Garey contends the disciplinary-hearing officer induced his waiver by promising a finding of guilt would not interfere with a then-approved transfer to a medium custody facility in exchange for Garey's signing the waiver forms.  Because his transfer was cancelled after he was found guilty, Garey asserts his waiver was involuntary.

The transfer of a prisoner from one prison to another does not implicate the Due Process Clause directly, *Olim v. Wakinekona*, 461 U.S. 238, 251 (1983); and, absent special circumstances, an inmate does not have a right to counsel during prison disciplinary hearings. *Wolff*, 418 U.S. at 570 (illiterate inmates may have right to counsel).  Garey has not shown he was entitled to staff representation as a matter of due process.  Further, Garey admits there is no evidence in the record supporting the alleged promise to transfer in exchange for his waiver of witness-presentation and counsel-representation rights.  He fails to demonstrate how the absence of witnesses and staff representation prejudiced his defense.  *See Hallmark*, 118 F.3d at 1080 (violation of rights must result in prejudice).  Accordingly, the disciplinary hearing and procedures complied with established procedural requirements.

 For the third and final incident, Garey was charged with fighting after allegedly being struck by another inmate, which resulted in a 27-day loss of good-time credit.

Garey asserts the district court erred in failing to rule on whether his self-defense claim to this charge constituted a mitigating factor.  He contends: the disciplinary-hearing officer abused his discretion by imposing the 27-day good-time credit sanction instead of a 14-day sanction; and a prison employee violated his due process rights by refusing to provide sufficient postage to mail his appeal (making his appeal untimely) and by refusing to provide him a staff memo (indicating that the untimeliness was not his fault).

The evidence before the disciplinary-hearing officer – that Garey fought with, and pursued, his alleged attacker – satisfies the "some evidence" standard by supporting a finding that Garey did not act solely in self defense; it cannot be said that "there is no evidence whatsoever to support the decision of the prison officials." *Reeves*, 19 F.3d at 1062.  Therefore, the district court did not err in adopting the magistrate judge's recommendation that Garey's due process rights were not violated.

Regarding Garey's untimely appeal of this conviction, the evidence shows his allegations of staff misconduct were referred for investigation.  He does not state whether that investigation was completed.  Without information on the outcome of the investigation, it is unclear whether this claim has been exhausted.  Therefore, the claim is insufficiently briefed, and Garey has abandoned it. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (appellant must cite to authority or statutes to show why relief is proper).

Garey asserts in conclusory fashion the district court erred in finding his First Amendment and civil rights claims cannot be raised in a habeas proceeding.  He provides nothing further in the way of argument.  The claim is therefore insufficiently briefed and is abandoned. *Id.*

Garey also asserts the district court failed to make specific findings of fact and conclusions of law, and failed to identify and address the merits of his claims.

The magistrate judge provided the factual background for each of Garey's disciplinary convictions and a legal analysis for his claims, and those findings and conclusions were sufficient for meaningful district court and appellate review. FED. R. CIV. P. 52(a)(1) (court must find facts specially and state conclusions of law separately); *Ramirez v. Hofheinz*, 619 F.2d 442, 445-46 (5th Cir. 1980) (Rule 52(a) insures meaningful review on appeal).  To the extent the

district court did not address some of his claims, Garey has not shown these unaddressed claims have merit.

REHEARING GRANTED; PREVIOUS OPINION WITHDRAWN; AFFIRMED.