# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2012

No. 12-40254

Lyle W. Cayce
Clerk

JAMES EVANS

Petitioner-Appellant

v.

MARK MARTIN

Respondent-Appellee

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-00682

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioner–Appellant James Evans ("Evans"), an inmate at the Federal Correctional Institution in Beaumont, Texas, filed a *pro se* petition alleging his due process rights were violated when he was disciplined for possessing a cell phone. Evans claims that the regulation he was charged with violating, 28 C.F.R. § 541.13, which prohibits the "possession, manufacture, or introduction of a hazardous tool," ran afoul of the Administrative Procedure Act's notice-and-comment procedures and failed to provide notice of the conduct proscribed. The

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40254

district court denied Evans's petition.  Evans timely appealed.  We determine that the regulation at issue did not implicate notice-and-comment procedures and that the regulation provides fair warning that a cell phone qualifies as a hazardous tool.  Therefore, we affirm.

## I

On August 2, 2009, while confined at the Federal Correctional Institution in McKean, Pennsylvania, Evans was observed talking on a cell phone. Specifically, Evans was cited for violating Code 108, which prohibits the possession of "hazardous tools."  28 C.F.R. § 541.13 (2009).  According to the incident report, an officer observed Evans crouched behind a locker, talking on a phone.  Upon entering the cell and asking for the phone, Evans denied he had a cell phone.  The officer strip searched Evans, but did not find the phone.  After searching the cell in its entirety, the officer found the phone hidden in a burrito. Evans admitted that the phone was his and received the following sanctions: (1) disallowance of forty days of good conduct time; (2) disciplinary segregation for thirty days; (3) a disciplinary transfer; and (4) visitation restrictions for one year.

Evans subsequently filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he had insufficient notice that cell phones qualified as hazardous tools under § 541.13.  The magistrate judge recommended denying the petition.  Evans objected, reasserting his claim that § 541.13 is impermissibly vague and also claiming that the relevant regulations violate the Administrative Procedure Act's notice-and-comment rules.  The district court adopted the magistrate judge's assessment, determined that Evans's notice-and-comment argument lacked merit, and denied the petition.  Evans timely appealed.

## II

The district court had jurisdiction over this habeas corpus petition as it was filed pursuant to 28 U.S.C. § 2241.  This Court has jurisdiction on appeal

No. 12-40254

under 28 U.S.C. § 1291 since Evans is appealing the district court's final judgment. Both questions presented here are issues of law; therefore, the Court reviews them *de novo*. *French v. Allstate Indem. Co.*, 637 F.3d 571, 577 (5th Cir. 2011).

## III

### A

Evans first argues that including a cell phone in the definition of a hazardous tool under § 541.13 amounted to the issuance of an invalid substantive rule because the rule was not issued in accordance with the Administrative Procedure Act's ("APA") notice-and-comment procedures. 5 U.S.C. § 553. "Generally speaking, it seems to be established that regulations, substantive rules, or legislative rules are those which create law, usually implmentary to an existing law; whereas interpretative rules are statements as to what the administrative officer thinks the statute or regulation means." *Shell Offshore Inc. v. Babbitt*, 238 F.3d 622, 628 (5th Cir. 2001) (citing *Brown Express, Inc. v. United States*, 607 F.2d 695, 700 (5th Cir. 1979)). Substantive rules affect individual rights and are binding on the courts, whereas interpretive rules leave the agency free to exercise discretion. *Williams v. Van Buren*, 117 F. App'x 985, 986 (5th Cir. 2004) (per curiam). Under the APA, substantive rules are subject to a rigorous notice-and-comment procedure while interpretive rules are not. *Mercy Hosp. of Laredo v. Heckler*, 777 F.2d 1028, 1032 (5th Cir. 1985). Substantive rules issued without following the proper procedure can be invalidated. *Id.* Evans seems to claim that including a cell phone as a hazardous tool under § 541.13 amounted to a new substantive rule that required a full notice-and-comment period. Pet'r's Br. 3. The district court determined that classifying cell phones as hazardous tools amounted to an interpretive rule and denied Evans's claim accordingly.

No. 12-40254

A review of the record and the relevant rule makes clear that including cell phones as hazardous tools does not amount to issuing a substantive rule and, therefore, is not subject to the APA's notice-and-comment procedures. Evans does not dispute that § 541.13 is a substantive rule that was already validly in effect at the time of his infraction. Section 541.13 was a substantive rule because it created a specific restriction prohibiting the possession of hazardous tools. *Shell Offshore*, 238 F.3d at 628. The determination that a cell phone qualifies as a hazardous tool under § 541.13 was thus an act of interpretation; the decision to discipline Evans for possessing a cell phone under § 541.13 required that prison officials determine what "the statute or regulation means." *Brown Express Inc.*, 607 F.2d at 700. Treating a cell phone as a hazardous tool was an act of interpretation that did not create a new substantive restriction; inmates were already prohibited from possessing hazardous tools. Disciplining Evans amounted to little more than construing an already-extant regulation. Because including cell phones within the ambit of hazardous tools constituted an interpretive act, the APA's notice-and-comment procedures were not implicated. Therefore, the Court will affirm.

**B**

"The Fifth Circuit has expressly held that it is a violation of due process to punish inmates for acts which they could not have known were prohibited." *Reeves v. Pettcox*, 19 F.3d 1060, 1061 (5th Cir. 1994). Inmates are entitled to receive prior notice or fair warning of prohibited conduct before being disciplined for violating prison rules. *Id.* "[B]ecause we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

4

No. 12-40254

At the time of Evans's violation, the regulation at issue prohibited "[p]ossession, manufacture, or introduction of a hazardous tool (tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g. hack-saw blade)." 28 C.F.R. § 541.13 (2009). The regulation has since been revised, *inter alia*, to specifically refer to a "portable telephone, pager or other electronic device" as a further example of the hazardous tools prohibited.[1] 28 C.F.R. § 541.3 (2011). Evans claims that § 541.13 was too vague to provide fair warning that possession of a cell phone was prohibited. In support of his position, Evans points to the regulation's recent amendment as proof that "the [Bureau of Prisons] clearly understood that its former regulation . . . did not meet the due process requirements." Pet'r's Br. 3. However, evidence of a subsequent legislative change is not proof of an impermissibly vague statute.

While a number of courts in this circuit have heard cases by inmates disciplined for cell phone possession, only two have ruled that the language of § 541.13 provided fair notice that a cell phone is a hazardous tool. *Ester v. Fed. Bureau of Prisons*, No. 1:11-cv-319, 2012 WL 3984589, at *4 (E.D. Tex., Aug. 14, 2012) ("[I]t cannot be concluded petitioner did not have fair notice a cell phone could be considered a hazardous tool within the meaning of Code 108."); *Barnes v. Warden, FCI Texarkana*, No. 5:07-cv-30, 2008 WL 3481942, at *2 (E.D. Tex., Aug. 7, 2008) ("It is evident that a cellular telephone could constitute a hazardous tool as it would permit inmates, whose telephone conversations are normally monitored, to communicate with individuals outside the prison without

---

[1] The amended regulation prohibits as follows: "Possession, manufacture, introduction, or loss of a hazardous tool (tools most likely to be used in an escape or escape attempt or to serve as weapons capable of doing serious bodily harm to others; or those hazardous to institutional security or personal safety; e.g., hack-saw blade, body armor, maps, handmade rope, or other escape paraphernalia, portable telephone, pager, or other electronic device)." 28 C.F.R. § 541.3 (2011).

No. 12-40254

being monitored."). The others disposed of the inmates' challenges on other grounds. *See, e.g.*, *Junco v. Martinez*, No. 1:11-cv-02082, 2012 WL 1309366 (W.D. La. Feb. 9, 2012) (sanctions imposed did not implicate protected liberty interest); *Bruce v. Bragg*, No. EP-09-CV-307-KC, 2009 WL 5215403 (W.D. Tex. Dec. 23, 2009) (failure to exhaust administrative remedies). The Fifth Circuit has not considered whether the regulations formerly contained in § 541.13 provide fair notice to a person of ordinary intelligence that a cell phone constitutes a hazardous tool. As explained below, this standard is met. Therefore, the Court will affirm.

In his brief, Evans seizes on the fact that cell phones are not specifically enumerated as hazardous tools in § 541.13 and contrasts this omission with the regulation's inclusion of hack-saw blades to claim that § 541.13 did not provide adequate notice that a cell phone would be considered a hazardous tool. Pet'r's Br. 2–3. However, while a hack-saw blade clearly qualifies as a hazardous tool under any interpretation of the term, use of that example does not cabin the scope of tools which would qualify as hazardous under § 541.13. The regulation clearly states that "hazardous tool" refers to more than just items capable of causing bodily harm. Specifically, hazardous tools include any tool "likely to be used in an escape or escape attempt," as well as "those hazardous to institutional security or personal safety." 28 C.F.R. § 541.13. Given the context in which inmates are provided telephone access and the important goal of maintaining institutional order, it is clear that an unauthorized cell phone falls within the definition of a hazardous tool because a cell phone can be used to plan an escape or to undermine safety and security.

In prison, inmates' access to phones is extremely limited and highly regulated, a fact of which inmates are acutely aware. Inmates may only place calls to telephone numbers on an official list, and inmates are limited in the frequency with which they may alter their official telephone lists. 28 C.F.R.

6

No. 12-40254

§ 540.101(a)–(b). Inmates have limits on the amount of time they may spend on the phone, and, most importantly, inmate phone calls are monitored "to preserve the security and orderly management of the institution and to protect the public." *Id.* §§ 540.101(d), 540.102. The reasons for these rules are obvious: unrestricted telephone access would allow inmates to prepare escape plans, procure contraband, and conspire to harm others—including both security personnel and fellow inmates.

An unauthorized, clandestine cell phone would permit an inmate to make unmonitored phone calls to any number, thereby contributing to the very risks that phone-use restrictions seek to minimize. These risks are obvious to inmates given their familiarity with phone restrictions more broadly. *See, e.g., id.* § 540.101(a)(1) (stating that inmates who elect to have phone privileges must submit a proposed list of telephone numbers during the admission and orientation process); *id.* § 540.102 (requiring prison wardens to notify inmates of the potential for phone call monitoring); *id.* § 540.104 (requiring prison wardens to notify inmates that violations of prison telephone regulations may result in disciplinary action). These regulations clearly signal to inmates that their phone access is restricted in order to promote institutional security and personal safety. Accordingly, a person of ordinary intelligence would realize that a regulation prohibiting any item that would enable an escape attempt, undermine security, or threaten personal safety includes a cell phone. The Court, therefore, rejects Evans's argument.

## IV

For the foregoing reasons, we affirm the district court's order denying Evans's petition.

AFFIRMED.