# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 25, 2013

Lyle W. Cayce
Clerk

No. 12-30768
Summary Calendar

FRANK BOATSWAIN,

Petitioner-Appellant

v.

RICARDO MARTINEZ,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-388

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Frank Boatswain, federal prisoner # 73907-053, appeals the dismissal for failure to state a claim of his 28 U.S.C. § 2241 petition, challenging his disciplinary conviction and resulting loss of good-time credits. We review the district court's dismissal de novo. *Garland v. Roy*, 615 F.3d 391, 396 (5th Cir. 2010).

As he did below, Boatswain argues that his prison disciplinary proceedings failed to comport with due process. If his brief is liberally construed, he also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends, for the first time, that his Eighth Amendment rights were violated, but this court will not consider the newly raised claim. *See Wilson v. Roy*, 643 F.3d 433, 435 n.1 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1062 (2012).

Boatswain's primary argument is that the failure to follow the prison rules regarding the timing of issuing notice of the disciplinary charges and holding a hearing violated his due process rights. However, the prison's "failure to follow its own procedural regulations does not establish a violation of due process" absent some showing of resulting prejudice. *Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989); *see Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). Boatswain does not demonstrate that he was prejudiced by the lack of notice within 24 hours of staff becoming aware of the incident or by the two-day delay in his initial hearing before the Unit Disciplinary Committee (UDC), specifically failing to argue that his ability to defend against the charges was impeded as a result. His conclusional assertion that the charges against him became void upon the expiration of the 24-hour notice period is insufficient to show the requisite prejudice. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Moreover, his own pleadings establish that he received notice of the charges against him more than 24 hours before his disciplinary hearing and was provided the opportunity to be heard at both the initial UDC hearing and the subsequent disciplinary hearing, at which he gave a statement in defense of the charges. Boatswain thus received all of the process to which he was entitled, and his due process rights were not violated by the prison's failure to adhere strictly to the non-mandatory time limits stated in its rules. *See generally Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985); *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Similarly unavailing is Boatswain's contention that his is actually innocent of the charged violations. The district court correctly concluded that there was "some evidence" in the record to support the disciplinary conviction, including the incident report, the photographic evidence of the seized

contraband, the transcripts of Boatswain's prison phone calls, and Boatswain's own admission to having committed the charged violations. *See Hill*, 472 U.S. at 455; *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

The district court's judgment is AFFIRMED.