# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 15, 2013

Lyle W. Cayce
Clerk

No. 13-30175
Summary Calendar

FRANK BOATSWAIN,

Petitioner-Appellant

v.

RICARDO MARTINEZ,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-2187

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Frank Boatswain, federal prisoner # 73907-053, appeals the dismissal as frivolous and for failure to state a claim of his 28 U.S.C. § 2241 petition, challenging his disciplinary conviction and resulting loss of good-time credits. We review the district court's dismissal de novo. *Garland v. Roy*, 615 F.3d 391, 396 (5th Cir. 2010).

As he did below, Boatswain argues that his prison disciplinary proceedings failed to comport with due process. Specifically, he complains that the prison

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

provided inadequate notice of the disciplinary charge when it failed to follow its own rules regarding delivery of notice. He further asserts that he is actually innocent and that the evidence is insufficient to support his conviction, urging that the conviction cannot be sustained on the charging officer's word alone, particularly in the absence of any physical evidence.

The prison's "failure to follow its own procedural regulations does not establish a violation of due process" absent some showing of resulting prejudice. *Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989); *see Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). Boatswain does not demonstrate that he was prejudiced by the allegedly improper delivery of notice, making no allegation that the receipt of notice one hour later than prescribed by prison regulations impeded his ability to defend against the charged violation. Moreover, his own pleadings establish that he received advance written notice of the charge and was provided the opportunity to be heard at his disciplinary hearing, at which he gave a statement in defense of the charge. Boatswain thus received all of the process to which he was entitled, and his due process rights were not violated. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985).

Similarly unavailing is Boatswain's contention that he is innocent of the charged violations. The district court correctly concluded that the incident report provided "some evidence" to support the disciplinary conviction. *See id.* at 455; *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). Boatswain's complaint that the disciplinary hearing officer relied on the charging officer's statement alone is essentially a challenge to the credibility of the investigating officer's statement, which this court will not address. *See Hill*, 472 U.S. at 455.

The district court's judgment is AFFIRMED.