# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60191
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2014

Lyle W. Cayce
Clerk

DAVID ZEBROWSKI,

Petitioner–Appellant,

v.

ARCHIE LONGLEY, Warden,

Respondent–Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:11-CV-82

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Zebrowski, federal prisoner # 34161-083, appeals the dismissal of his 28 U.S.C. § 2241 petition challenging his prison disciplinary conviction for refusing to obey an order and the resulting loss of good time credit. We review the district court's dismissal de novo. *Garland v. Roy*, 615 F.3d 391, 396 (5th Cir. 2010).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60191

The respondent asserts that several of the arguments raised by Zebrowski were not properly raised in the district court, and Zebrowski disputes this contention. Because this issue is not clear and Zebrowski's arguments fail on their merits, we do not reach this issue.

Zebrowski raises multiple arguments asserting that the prison disciplinary proceeding violated his due process rights. He contends that the incident report and investigation report were factually inaccurate. He maintains that the proceedings before the unit disciplinary committee (UDC) and the disciplinary hearing officer, Unit Manager Truex (DHO Truex) were arbitrary and unfair because the UDC had the incident report rewritten to change a charge of threatening another with bodily harm to a charge of assault with minor injury, even though there was no evidence that an assault with minor injury occurred, and because DHO Truex based his finding that Zebrowski had refused to obey an order on the inaccurate incident report. He contends that the hearing violated his due process rights because a witness he requested, inmate Adams, was not available at the hearing and because DHO Truex did not view the security camera footage of the incident.

Zebrowski cannot show that he was prejudiced by the alleged due process violations. His allegations of inaccuracies in the incident report and investigation report concerned the charge of threatening another with bodily harm that was changed to assault with minor injury. However, DHO Truex dismissed that charge, and Zebrowski received no sanction for that charge. Likewise, he cannot show prejudice from the UDC's having the charge changed from threatening another with bodily harm to assault with minor injury because that charge was not sustained. Zebrowski also cannot show prejudice arising from DHO Truex's failure to view the security camera footage or have Adams available as a witness. Zebrowski does not allege that the security

2

camera footage would have had audio of the exchange between him and Officer Parks that led to the disciplinary charges, and Adams admitted in an affidavit that he did not hear the full exchange between Zebrowski and Officer Parks. Thus, neither the security camera footage nor the testimony of Adams would have shed any light on the only issues relevant to the disciplinary charge on which Zebrowski was found guilty: whether Officer Parks ordered Zebrowski to return to the door and whether Zebrowski obeyed that order. As Zebrowski cannot show that he was prejudiced by these alleged due process violations, he was not entitled to relief based upon them. *See Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

While Zebrowski argues that DHO Truex could not have relied upon the incident report because it was false, he has not shown that DHO Truex's decision was not supported by some evidence. Although Zebrowski has made arguments that, if true, would show that part of the incident report was inaccurate, he has not shown that the portions of the incident report concerning the refusal to obey an order charge were inaccurate. Thus, what was before DHO Truex was Officer Parks's statement that she gave an order that Zebrowski refused to obey and Zebrowski's denial that he had disobeyed an order given by Officer Parks. "[P]rison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994). As there was at least some evidence to support the disciplinary conviction, Zebrowski has not shown a due process violation. *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985).

In addition to raising due process claims, Zebrowski asserts that his prison disciplinary conviction violated BOP regulations. He maintains that DHO Truex did not have the authority under BOP policy to strip him of 14

days of good time credit because it was his first moderate level offense within the appropriate year. He additionally asserts that the investigation of the incident was not completed within 24 hours of the appointment of the investigating officer as required by BOP policy.

Zebrowski has not shown that the BOP regulations in question were violated. The relevant BOP policy concerning the loss of good time credit provides that for "Moderate Category Offenses," an inmate should lose "[a] minimum of 14 days . . . for each act committed if the inmate has committed two or more moderate severity level offenses during the current anniversary period." That policy, however, does not state the maximum loss of good time credit that can be imposed. Accordingly, it does not prohibit the loss of 14 days of good time credit for a first moderate category offense.

The relevant BOP policy concerning the timing of the investigation report provides that "[t]he investigation should be finished within 24 hours after the appointment" of the investigating officer. The policy however, states only that the investigation "should" be finished within 24 hours, not that it is required to be finished within 24 hours. Accordingly, Zebrowski has not shown that this policy was violated.

Furthermore, even if Zebrowski could show that BOP policies were violated, this would not entitle him to relief. A prison's "failure to follow its own procedural regulations does not establish a violation of due process, because constitutional minima may nevertheless have been met." *Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989) (internal quotation marks and citation omitted).

AFFIRMED.

4