# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50235
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 26, 2019

Lyle W. Cayce
Clerk

JESUS ANAYA,

Petitioner-Appellant

v.

SCOTT NICKLIN, Warden, FSL-LA TUNA,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:18-CV-13

Before BENAVIDES, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Jesus Anaya, federal prisoner # 57713-198, appeals the district court's grant of summary judgment and dismissal with prejudice of his 28 U.S.C. § 2241 petition challenging his prison disciplinary conviction for possession of narcotics. The disciplinary conviction resulted in a loss of 41 days of good time and other sanctions. Anaya argues that his due process rights were violated because the prison incident report was fraudulently altered to indicate that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

narcotics were found in his locker and because the substance found in the locker was never sent to a lab for clarification of field test results.  He has abandoned his remaining claims.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review the district court's factual findings for clear error and its conclusions of law de novo. *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000).  We review a district court's ruling on summary judgment de novo, employing the same standard used by the district court.  *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

To the extent Anaya is challenging the district court's determination that the evidence was sufficient to support his disciplinary conviction, "prison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).  As noted by the district court, there was "some evidence" to support the disciplinary hearing officer's finding, including the revised incident report which indicated that locker 133 was assigned to Anaya; that the locker contained an unknown brown substance, Anaya's personal belongings, and Anaya's identification card; and that the unknown substance tested positive for amphetamines, codeine, and morphine.  While Anaya asserts that the revised incident report falsely identified the locker where the substance was found and that the field test results were inconsistent, he offers no evidence to support his conclusory allegations.  *See Ross v. Estelle,* 694 F.2d 1008, 1011–12 (5th Cir. 1983).  Moreover, while a type-printed name does not accompany the reporting officer's signature on the revised incident report, this fact does not lead to the conclusion that the locker location noted in the revised report was falsified or that there was no evidence

No. 19-50235

at all to support the finding of guilt. *See Reeves*, 19 F.3d at 1062. The district court's judgment is AFFIRMED.