# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-50904
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 17, 2023

Lyle W. Cayce
Clerk

Alexander Isaiah Perez,

*Petitioner—Appellant*,

*versus*

Sandra Hijar, *Warden, FCI La Tuna*,

*Respondent—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:22-CV-324

_____

Before Smith, Elrod, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Prison officials caught Alexander Perez, federal prisoner # 44217-013, using a third-party e-mail communication service that allowed users to mask the identities of their contacts. A prison disciplinary hearing was held, and the discipline hearing officer ("DHO") concluded that Perez violated Prohibited Act Code 296. As a consequence, the DHO sanctioned Perez with the loss of 27 days of good-conduct time, 180 days of commissary privileges,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50904

and 365 days of e-mail privileges.

Perez filed a 28 U.S.C. § 2241 petition, raising various challenges to the disciplinary proceeding, which the district court denied. Perez then filed a Rule 59(e) motion under the Federal Rules of Civil Procedure. The district court likewise denied that motion.

Perez now appeals, raising six arguments: (1) The district court erred in *sua sponte* denying the § 2241 petition because it relied on Rule 4 of the Rules Governing 28 U.S.C. § 2254 cases in the United States District Courts; (2) the district court's grant of Perez's motion to proceed *in forma pauperis* ("IFP") demonstrates that it erred in denying the § 2241 petition; (3) the disciplinary hearing violated Perez's due process rights; (4) the district court erred in not analyzing the due process claim based on violations by the Bureau of Prisons ("BOP") of its disciplinary regulations; (5) the BOP's reading of e-mail into Code 296 violated the Administrative Procedures Act; and (6) the district court erred in denying the Rule 59(e) motion.

A certificate of appealability is not needed because Perez is proceeding under § 2241. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "In an appeal from the denial of habeas relief, this court reviews a district court's findings of fact for clear error and issues of law de novo." *Id.* This court "may affirm the district court's denial of relief on any ground supported by the record." *Hunter v. Tamez*, 622 F.3d 427, 430 (5th Cir. 2010). Additionally, Perez's challenge to the denial of the Rule 59(e) motion is reviewed for abuse of discretion. *Kapordelis v. Myers*, 16 F.4th 1195, 1202 (5th Cir. 2021).

Perez's Rule 4 argument is unpersuasive because Rule 1(b) of the rules governing § 2254 cases articulates that these rules may apply to other habeas corpus petitions as well. *See also* 28 U.S.C. § 2243. Perez's argument regarding the granting of IFP status fails, as the IFP standard does not encompass a full inquiry into the merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir.

1983).  Regarding Perez's due process claim, the record reflects that all three factors articulated in *Wolff v. McDonell*, 418 U.S. 539, 563–67 (1974), were met, and there was the requisite level of evidence to support the disciplinary action, *see Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454–55 (1985).

Perez's argument that the district court should have analyzed the due process claims in light of the BOP's failure to follow its hearing regulations is without merit because a prison's failure to follow its own policies or regulations does not violate due process where constitutional minima were otherwise satisfied.  *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).  We also discern no error in the district court's determination that the inclusion of e-mail amounted to an interpretation of an existing rule, not a substantive rule change.  Finally, the district court did not err when it denied Perez's Rule 59(e) motion.  *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Accordingly, we AFFIRM the denial of the § 2241 petition and the denial of the Rule 59(e) motion.