# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2024

Lyle W. Cayce
Clerk

No. 23-30384
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Marlo Helmstetter,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:92-CR-469-7

_____

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Marlo Helmstetter, federal prisoner # 23245-034, appeals the denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), and the denial of his motion for reconsideration. Helmstetter, who was sentenced to life imprisonment for conspiring to possess cocaine with intent to distribute and two counts of committing

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

murder in aid of racketeering activity and to 240 months for aggravated assault in aid of racketeering activity, asserts that the district court failed to afford adequate consideration and weight to his arguments that his post-sentencing rehabilitation, the length of time he has already served, and his youth at the time of the offenses of conviction warranted § 3582(c)(1)(A) relief. We review each denial for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *Kapordelis v. Myers*, 16 F.4th 1195, 1202 (5th Cir. 2021).

The district court considered Helmstetter's arguments relating to his rehabilitation and his youth at the time that he committed his criminal offenses; nevertheless, the court determined that Helmstetter's sentences as imposed were appropriate to protect the public from his future crimes, reflect the seriousness of his offenses, promote respect for the law, and deter future similar conduct. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C). In other words, the district court's "written order adequately reflects that it gave due consideration to [Helmstetter's] arguments in favor of a reduction of his sentence" under the § 3553(a) factors. *United States v. Batiste*, 980 F.3d 466, 478-79 (5th Cir. 2020). Helmstetter's extensive disagreement with the district court's weighing of the § 3553(a) factors does not establish that the court abused its discretion. *See Chambliss*, 948 F.3d at 694; *Kapordelis*, 16 F.4th at 1202. In light of the district court's reliance on the § 3553(a) factors as the basis for denying relief, it was not required to determine whether Helmstetter had cited extraordinary and compelling reasons for compassionate release. *See Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021).

AFFIRMED.