# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2024

Lyle W. Cayce
Clerk

_____

No. 23-40193

_____

Jeffrey L. McBride,

*Petitioner—Appellant*,

*versus*

Warden, *FCI Beaumont Low*,

*Respondent—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:21-CV-106

_____

Before Higginson, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Jeffrey L. McBride, federal prisoner # 17702-035, appeals from the denial of his 28 U.S.C. § 2241 petition challenging his prison disciplinary conviction and resulting loss of 41 days of good-time credits. He contends there was insufficient evidence to show that he possessed either of two cell phone chargers that were found in his "cubicle," the living space assigned to him and another prisoner.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40193

Because federal prisoners have a liberty interest in accumulated good-time credits, "revocation of the credits must comply with minimal requirements of due process." *Kapordelis v. Myers*, 16 F.4th 1195, 1200 (5th Cir. 2021). As relevant here, a disciplinary conviction comports with due process if the record includes "some evidence" to support it. *Id.* (quoting *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985)). Under the some-evidence standard, "prison disciplinary proceedings will be overturned only where there is *no evidence whatsoever* to support the decision of the prison officials." *Id.* (citation omitted). We review this issue of law de novo. *See id.* at 1202.

The disciplinary decision in this case relied primarily on a report stating one charger was found on a locker and the other in a laundry bag located in the common area of the cubicle. Although McBride points to an affidavit signed by the cubicle's other occupant admitting the chargers, the locker, and the laundry bag were his, that prisoner refused to speak when called as a witness or to produce a written statement for the disciplinary hearing. The disciplinary hearing officer ("DHO") concluded that "[t]his diminished [the other prisoner's] credibility," so "the DHO determined that the greater weight of the evidence supported the conclusion [that McBride] committed the prohibited act."

Ascertaining whether the some-evidence standard is met does not require weighing of the evidence; rather, the relevant question is whether "any evidence" can support a finding of guilt. *Hill*, 472 U.S. at 455. Because there is some evidence to support a finding that McBride constructively possessed a phone charger, we conclude that the minimal requirements of due process were met. *See Kapordelis*, 16 F.4th at 1200.

AFFIRMED.

2