# United States Court of Appeals for the Fifth Circuit

———————

No. 24-30169
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GERALD ELWOOD,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:92-CR-469-5

———————————————————————

Before GRAVES, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Gerald Elwood, federal prisoner # 22424-034, is currently serving sentences of life imprisonment, which were imposed on his convictions of one count of conspiring to possess cocaine with intent to distribute and two counts of murder in aid of racketeering activity. In the instant matter, Elwood appeals from the district court's denial of his motion for

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as well as from the district court's disposition of his post-judgment motion.

Elwood asserts that the district court abused its discretion by denying his compassionate release motion without giving him an opportunity to file a reply to the Government's opposition. However, as we have stated, "[a] district court has inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (internal quotation marks and citation omitted). Further, Elwood's challenge also fails because he has not demonstrated prejudice. *See Banco Mercantil de Norte, S.A. v. Paramo*, 114 F.4th 757, 761 n.5 (5th Cir. 2024).

Next, Elwood asserts error in the district court's determination that he failed to establish extraordinary and compelling reasons for compassionate release under U.S.S.G. § 1B1.13(6), p.s., as well as error in the balancing of the 18 U.S.C. § 3553(a) sentencing factors. As to the § 3553(a) factors, he contends that the district court refused to acknowledge that the law has changed in his favor based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny, such that, under current law, facts that increase the statutory maximum sentence must be found by a jury beyond a reasonable doubt. Elwood concedes that his crimes are serious, but he argues that, taking into account his age and the district court's determination that he is unlikely to commit future violent crimes, the § 3553(a) factors weigh in his favor.

Here, the district court made clear that it would deny compassionate release based on its balancing of the § 3553(a) factors even if Elwood had shown that there was a gross disparity in his sentence due to changes in the law. Elwood's mere disagreement with the district court's weighing of the § 3553(a) factors does not establish an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2000). Because Elwood has not

shown an abuse of discretion in the district court's denial of relief based on the § 3553(a) factors, we need not consider his arguments concerning extraordinary and compelling reasons. *See Ward v. United States*, 11 F.4th 354, 360-62 (5th Cir. 2021).

Construing Elwood's pro se pleadings liberally, *see Morrow v. FBI*, 2 F.3d 642, 643 n.2 (5th Cir. 1993), we assume, without deciding, that his post-judgment reply to the Government's opposition to his compassionate release motion should be treated as a motion for reconsideration. *See Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc). However, we need not address Elwood's contentions that the district court erred in its post-judgment order with respect to the determination that he failed to establish extraordinary and compelling reasons. *See Ward*, 11 F.4th at 360-62. Further, contrary to Elwood's contention, the district court did not err in determining that he could not raise a challenge to his conviction in a compassionate release motion. *See United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023). Elwood has not shown an abuse of discretion as to the disposition of his constructive motion for reconsideration. *See Kapordelis v. Myers*, 16 F.4th 1195, 1202 (5th Cir. 2021).

Finally, Elwood asserts that the district judge disregarded the law and the facts, and he requests reassignment. Because there is no occasion for a remand, Elwood's contention that his case should be reassigned to a different district judge is "of no moment." *Johnson v. Harris Cnty.*, 83 F.4th 941, 947 (5th Cir. 2023).

AFFIRMED.

3