# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2025

Lyle W. Cayce
Clerk

No. 24-10703

Joel Vargas,

*Petitioner—Appellant*,

*versus*

Chris Rivers, *Warden, Federal Medical Center Fort Worth*,

*Respondent—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-329

_____

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Joel Vargas, federal prisoner # 27945-078, was convicted of two counts of interstate transportation of stolen property; one count of conspiracy to transport stolen property in interstate commerce; and one count of tampering with a witness, victim, or informant. He was sentenced to 235 months of imprisonment and three years of supervised release, and he was ordered to pay $1,278,580.27 in restitution. Vargas appeals the district

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court's denial of his *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Vargas v. Rivers*, No. 24-CV-329, 2024 WL 3418827, at *1 (N.D. Tex. July 15, 2024). We affirm.

The Inmate Financial Responsibility Program ("IFRP"), 28 C.F.R. § 545.11, is a voluntary program "designed to help the inmate develop a financial plan to meet certain financial obligations, including the payment of court-imposed fines." *United States v. Diehl*, 848 F.3d 629, 633 (5th Cir. 2017) (cleaned up). If inmates "decline to participate or fail to comply with their agreed upon financial plan," they may face loss of privileges and benefits. *Id.* The First Step Act ("FSA") awards time credits to inmates "who successfully complete[] evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A).

The two programs intersect because the Bureau of Prisons ("BOP") has designated the IFRP as one such "productive" activity, allowing inmates to earn FSA time credits for participating. U.S. Dep't of Just., Bureau of Prisons, Program Statement No. 5410.01, *First Step Act of 2018—Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, at 3 (2022). Under BOP regulation, "[a]n inmate may lose earned FSA Time Credits for violation of the requirements or rules of" a productive activity program. 28 C.F.R. § 523.43(a).

We construe Vargas's *pro se* briefs liberally. *See Brown v. Sudduth*, 675 F.3d 472, 477 (5th Cir. 2012). In substance, Vargas seems to argue that his liberty interests under the Due Process Clause of the Fifth Amendment were violated because he is being held in prison longer than necessary. He urges that conclusion on the basis that he can no longer earn FSA time credits because he was placed on "refuse" status under the IFRP. That status resulted from his inability to pay $100 per month toward restitution, as he agreed in his IFRP plan.

Vargas's claim fails because he has no fundamental liberty interest in either participation in the IFRP or the incentives associated with that voluntary participation, including the ability to earn FSA time credits. Because prisoners have "no entitlement to any of the benefits agreeing to participate in the IFRP would provide," the IFRP's conditions "amount to the loss of privileges, not the imposition of hardships upon non-participating inmates." *Driggers v. Cruz*, 740 F.3d 333, 338 (5th Cir. 2014) (cleaned up). These conditions "do[] not violate an inmate's liberty interests under the Due Process Clause." *Id.*

True, Vargas might have "a liberty interest in his *accumulated* good time credits," and if so, any "revocation of the credits must comply with minimal requirements of due process." *Kapordelis v. Myers*, 16 F.4th 1195, 1200 (5th Cir. 2021) (emphasis added). But we need not reach that question because Vargas does not allege that the BOP revoked any previously earned FSA credits—he alleges only that he can no longer earn credits going forward due to his inability to make restitution payments. *Cf. McKune v. Lile*, 536 U.S. 24, 37 (2002) ("Challenged prison conditions cannot give rise to a due process violation unless those conditions constitute atypical and significant hardships on inmates in relation to the ordinary incidents of prison life." (cleaned up)).

And even if Vargas had shown a revocation, he does not allege that it occurred with "*no evidence whatsoever* to support the decision of the prison officials." *Kapordelis*, 16 F.4th at 1200 (quotation omitted); *see also Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985) ("We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits."). Nor does Vargas allege that he sought review of any revocation through the BOP's Administrative Remedy Program. *See* 28 C.F.R. § 542.10.

No. 24-10703

\*

Vargas's remaining arguments are without merit.

First, Vargas argues that he never agreed to pay $100 per month in restitution under the IFRP. But he never made this contention in the district court, so we cannot review it here. *See Thompson v. Davis*, 916 F.3d 444, 460 & n.71 (5th Cir. 2019). In any event, neither the BOP nor any court is forcing Vargas to make payments under the IFRP, which is voluntary. *See Diehl*, 848 F.3d at 633.

Second, Vargas argues that he "was never charged with or given notice by indictment of [18 U.S.C. §§ 3572, 3663, 3613]," referring to the Mandatory Victims Recovery Act. What Vargas seems to be challenging is the district court's order of mandatory restitution for "an offense against property." 18 U.S.C. § 3663A(c)(1)(A)(ii). But a § 2241 habeas petition "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). It does not offer an opportunity to collaterally attack a restitution order, which "should be raised on direct appeal." *Campbell v. United States*, 330 F. App'x 482, 482–83 (5th Cir. 2009) (per curiam); *see also United States v. Parker*, 927 F.3d 374, 381 (5th Cir. 2019) ("[W]e have denied numerous attempts to collaterally attack a restitution order."); *id.* n.9 (collecting cases).

AFFIRMED.